IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrence Bradshaw, | ) | C/A No. 0:19-790-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan P. Stirling, *South Carolina Department of Corrections Agency Director*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Terrence Bradshaw, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed with prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff, an inmate in the South Carolina Department of Corrections ("SCDC"), brings this action for damages pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1 at 2, 4.) Plaintiff claims that Defendant Bryan P. Stirling, the Director of SCDC, violated Plaintiff's constitutional rights by not allowing Plaintiff to use good conduct credits or earned work credits. (Id. 4-6.) Specifically, Plaintiff claims he should be able to use the credits now and be released, despite that fact that he was convicted of an offense that requires he serve eighty-five percent of his sentence under state law.

PJG

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).  Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court concludes that Plaintiff's action is subject to summary dismissal because it is duplicative of a case he recently filed in this court, and therefore, it is frivolous. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) (Table) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.").

Here, Plaintiff raises the same causes of action against Stirling based on the same facts as Plaintiff did in a case that this court recently and summarily dismissed with prejudice for failure to state a claim upon which relief can be granted. See Bradshaw v. Stirling, C/A No. 0:18-cv-3080-DCN (ECF No. 19.) Accordingly, this action is duplicative and it should be summarily dismissed as frivolous. Additionally, the court recommends this action be designated as a "strike" under the PLRA based on frivolousness. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

*PJG*

### III.     Conclusion

The court recommends that the Complaint be dismissed with prejudice and without issuance and service of process. It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g).

April 18, 2019  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*  
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).